[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-11408

Non-Argument Calendar

————————————————

W. A. GRIFFIN, M.D.,

Plaintiff-Appellant,

*versus*

AT&T SERVICES, INC.,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00701-SEG

————————————————

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, W.A. Griffin, M.D., appeals the district court's dismissal of her complaint alleging claims for breach of fiduciary duties and statutory damages against AT&T Services, Inc. ("AT&T") under the Employee Retirement Income Security Act ("ERISA"). On appeal, Griffin argues that the district court erred in dismissing her claims for failure to state a claim because she brought her claims based on a patient's assignment of benefits and rights to her, which granted her standing, and the district court erred in concluding that O.C.G.A. § 33-24-54 is preempted by ERISA. After thorough review, we affirm.

We review *de novo* a dismissal for failure to state a claim upon which relief may be granted, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and brackets omitted). In making the determination, "[*p*]*ro se* pleadings are held to a less stringent standard

than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

To maintain an action under ERISA, a plaintiff must have standing to sue under the statute, which is not jurisdictional, Article III standing but is a right to make a claim under the statute. *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1293–94 (11th Cir. 2004); *see also Griffin v. Coca-Cola Refreshments USA, Inc.*, 989 F.3d 923, 931 & n.4 (11th Cir. 2021). Two categories of persons exist who can sue for benefits under an ERISA plan: plan beneficiaries and plan participants. *Physicians Multispecialty Grp.*, 371 F.3d at 1294 (citing 29 U.S.C. § 1132(a)(1)(B)). Healthcare providers are typically not "participants" or "beneficiaries," so they lack independent standing, but they may obtain derivative standing through a written assignment from a beneficiary or participant. *Id.*; *see also Griffin*, 989 F.3d at 932. ERISA, itself, does not prohibit derivative standing based on an assignment of rights or forbid the assignment of health care benefits provided by an ERISA plan. *Cagle v. Bruner*, 112 F.3d 1510, 1515 (11th Cir. 1997).

Although assignments are generally recognized, an "unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable." *Physicians Multispecialty Grp.*, 371 F.3d at 1296. If there is an unambiguous anti-assignment provision, the healthcare provider will lack derivative standing and cannot maintain the ERISA action. *Id.* Further, ERISA expressly

preempts state laws that relate to employee benefit plans, and while states are permitted to regulate insurance, self-insured plans generally are deemed to not be insurers for purposes of state insurance laws. *Am.'s Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1330–34 (11th Cir. 2014); *see also FMC Corp. v. Holliday*, 498 U.S. 52, 64 (1990) ("Our interpretation of [ERISA's] deemer clause makes clear that if . . . the plan is uninsured [or self-funded], the [s]tate may not regulate it.").

Under O.C.G.A. § 33-24-54, "whenever . . . [a] self-insured health benefit plan . . . provides that any of its benefits are payable to a participating or preferred [licensed] provider of health care services," these benefits must be paid "either directly to any similarly licensed nonparticipating or nonpreferred provider who has rendered such services, has a written assignment of benefits, and has caused written notice of such assignment . . . or jointly to such nonparticipating or nonpreferred provider and to the insured." O.C.G.A. § 33-24-54(a).

A party abandons a claim when she does not plainly and prominently raise it in his brief, by, for example, devoting a section of his argument to that claim. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022) (*en banc*). When a district court judgment is based on multiple, independent grounds and an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, she is deemed to have

abandoned any challenge of that ground, and the judgment is due to be affirmed. *Sapuppo*, 739 F.3d at 680.

Here, the district court dismissed Griffin's claims for lack of standing under ERISA. In so holding, it noted that Griffin had not disputed that AT&T's benefits plan contained an unambiguous anti-assignment provision that was valid and enforceable -- similar to the one our Court had found enforceable in *Physicians Multi-specialty Group*, 371 F.3d at 1296. This meant that N.A. was prohibited from assigning her rights and benefits to Griffin, and Griffin could not stand in N.A.'s shoes to asserts her ERISA claims. The district court added that Griffin was a healthcare provider who was not a participant or beneficiary under ERISA. Thus, the district court determined that Griffin lacked statutory standing to bring her breach of fiduciary duty claim.

But, importantly, Griffin has not challenged or addressed on appeal the district court's findings underlying its standing determination. For starters, she has not challenged its findings that the anti-assignment provisions in the Plan were unambiguous and thus valid and enforceable and that, as a result, N.A. was prohibited from assigning her rights and benefits to Griffin. Griffin also has failed to challenge the district court's determination that O.C.G.A. § 33-24-54 does not preclude enforcement of anti-assignment provisions.[1] Thus, Griffin has abandoned any challenge to the district

---

[1] Instead, Griffin argues that the district court erred in concluding that ERISA preempts § 33-24-54. But, as the district court explained, the preemption analysis was only relevant if § 33-24-54 prohibited benefits plans from

6                    Opinion of the Court                    23-11408

court's determinations on these grounds, and we are compelled to affirm the district court's dismissal of Griffin's complaint for lack of standing.  *See Sapuppo*, 739 F.3d at 681.

**AFFIRMED.**

---

incorporating anti-assignment provisions, which it did not.  Because Griffin has not challenged whether § 33-24-54 prohibited benefits plans from incorporating anti-assignment provisions, we do not resolve the preemption issue either.